IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NELSON ROY WESLEY, ) | CASE NO. 1:19 CV 1232 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| CUYAHOGA COUNTY ) | |
| SHERIFF'S DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Nelson Roy Wesley filed the above-captioned action against the Cuyahoga County Sheriff's Department, former Cuyahoga County Sheriff Clifford Pinkney, the Cuyahoga County Corrections Center, Cuyahoga County Corrections Center Director Kenneth Mills, Cuyahoga County Corrections Center Warden Eric Ivey, Cuyahoga County Corrections Center Corporal Edward Lawler, Cuyahoga County Executive Armond Buddish, and Cuyahoga County IT Administrator Emily McNeeley. In the Complaint, Plaintiff alleges Lawler searched his cell and retaliated against him by taking his mattress when Plaintiff complained about the incident. Plaintiff also raises general objections about the conditions in the jail. He seeks $ 12,000,000.00 in damages, and dismissal of the criminal charges pending against him.

## Factual and Procedural Background

Plaintiff is a pretrial detainee held in the Cuyahoga County Jail. He alleges that on May 9, 2019, Lawler and another corrections officer came to his cell and served him with a subpoena from the State of Ohio for all personal papers, effects and handwritten materials in his cell. Plaintiff contends he had handwritten notes pertaining to his criminal defense strategies. He indicated to Lawler that his defense strategies were beyond the scope of the subpoena but Lawler still seized the paperwork. Plaintiff states that when he complained about Lawler's actions, Lawler ordered corrections officers to confiscate his mattress. Plaintiff states he was forced to sleep on a concrete slab until his mattress was returned 2 days later. He sought medical attention for pain derived from sleeping on the concrete slab and was allegedly told by McNeeley to purchase over-the-counter pain medication from the jail commissary.

Plaintiff alleges that on January 23, 2019, he filed out an inmate request form and asked to speak to his caseworker, stating he was feeling suicidal. He contends he received a reply to his request four months later on May 15, 2019. He claims he was not seen by a mental health professional.

Finally, Plaintiff claims the living conditions in the jail deny him due process and subject him to cruel and unusual punishment. He states there is black mold in the showers. He contends the food trays are old and cracked, and wreak from stale water, vermin feces and dead roaches. He alleges he has become ill from eating from the food trays. He states he had to share a one man cell with another inmate and slept on the floor near the toilet. He indicates he was subjected to "red zone" lock downs from 10:00 a.m. to 7:00 p.m. and then from 9:00 p.m. until 7:00 a.m. He claims he was told that the only way to see mental health professionals was to threaten suicide. He states

however, that if suicide is threatened, the inmate is stripped naked and placed in an isolation cell for observation. He claims this is a sufficient deterrent to requesting mental health services. He states he fears he will die due to the living conditions and cruel and unusual punishment.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Plaintiff's Complaint advances claims against several Defendants—namely, the Cuyahoga County Sheriff's Department and the Cuyahoga County Corrections Center —that are not entities capable of being sued. *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Bey v. Elmwood Place Police Dep't*, No. 1:16cv823, 2017 WL 3821456, at *4 (S.D. Ohio Sept. 1, 2017) (agreeing that county sheriff's office "is not a separate legal entity subject to suit under § 1983" and dismissing claims against it). These entities are merely subunits of Cuyahoga County. They do not have a separate legal existence. As a consequence, Plaintiff's claims against these entities fail as a matter of law.

To the extent the Court can liberally construe the claims against these Defendants as asserted against Cuyahoga, Plaintiff still fails to state a claim. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). The United States Court of Appeals for the Sixth Circuit has held that a Plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: " '(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority;

(3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.' " *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015) ). Here, Plaintiff claims Lawler confiscated legal papers as part of a subpoena, Lawler confiscated his mattress, his caseworker did not respond promptly to his request for mental health services, and conditions at the jail are objectionable. He does not allege facts suggesting any of these situations was the result of a custom or policy of Cuyahoga County.

Furthermore, Plaintiff does not allege facts suggesting Pinkney, Mills, Ivey or Budish were personally involved in the actions alleged in the Complaint. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by the Plaintiff.

Plaintiff lists two claims against McNeeley. First, he states "I complained to medical about my physical pains derived from sleeping on a concrete slab and received no medical attention (Emily McNeeley - I.T. Administrator)." (ECF No. 1 at 4). Second, he contends inmates threatening suicide are stripped naked and placed in isolation cells. He states, "[t]his is the Cuyahoga County Corrections Center way to deter inmates from requesting mental health (Emily McNeeley)." (ECF No. 1 at 6). There are no other allegations suggesting how McNeeley was personally involved in either of these situations.

Plaintiff includes two possible claims against Lawler. The first claim concerns the taking of his notes with defense strategies as part of the subpoena. The second claim concerns the taking of his mattress in retaliation for filing a grievance about the subpoena.

With respect to the taking of his notes, Plaintiff fails to state a claim upon which relief may be granted. He does not identify a legal cause of action and none is obvious from the face of the Complaint. Plaintiff contends the subpoena required the officers to take all hand-written notes and personal papers. His notes qualified as one of those documents. They were returned to him five days later. To the extent he is attempting to raise a claim for confiscation of property without procedural due process, he has not stated a claim for relief. In a civil rights action claiming the deprivation of a property interest without procedural due process, the Plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. Plaintiff must attack the state's corrective procedures as well as the substantive wrong. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). As this subpoena appears to have been issued as part of a state court action, his remedies for challenging the terms of the subpoena lie in the court that issued the subpoena. Plaintiff could also assert challenges to it in his criminal case. He has not challenged the adequacy of his state court remedies.

Plaintiff may also be attempting to assert a claim for denial of access to the courts. To state a claim for denial of access to the courts, Plaintiff must allege particular actions of the Defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Plaintiff does not allege he suffered the injury of being denied the ability to litigate a case. He was not denied access to the courts.

To the extent he may be attempting to claim he was denied due process in his criminal case, he must raise that claim in criminal court. He cannot collaterally attack an on-going state court proceeding in a civil rights action in federal court.

That leaves Plaintiff's claim for retaliation against Lawler. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Plaintiff states he filed a grievance against Lawler for taking his notes, Lawler took his mattress forcing him to sleep on the concrete slab for two days. At the pleading stage, those allegations are sufficient to state a plausible claim for retaliation.

## Conclusion

Accordingly, Plaintiff's claims against the Cuyahoga County Sheriff's Department, Pinkney, the Cuyahoga County Corrections Center, Mills, Ivey, Buddish, and McNeeley are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely against

---

[1] 28 U.S.C. § 1915(a)(3) provides:

(continued...)

Lawler on Plaintiff's retaliation claim. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendant.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2019

---

[1](...continued)
    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.