IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NELSON ROY WESLEY, | ) | CASE NO. 1:19 CV 1232 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CUYAHOGA COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | **TO DISMISS FOR INSUFFICIENT** |
| | ) | **SERVICE OF PROCESS** |

  This case has some peculiar twists and turns in the facts involving a pro se plaintiff's attempt to perfect service of process on one of the defendants. An instruction in an earlier order from the District Court, which apparently was not followed, suggests a resolution to the pending motion to dismiss.

**I.**

*Background*

  This case started on May 30, 2019 when the plaintiff, Nelson Roy Wesley, filed pro se a handwritten complaint while incarcerated at the Cuyahoga County Corrections Center. Wesley describes how Corporal Edward Lawler, one of the defendants in this case, served

1

a subpoena on him early in the morning on May 9, 2019.[1] In executing the subpoena, Corporal Lawler apparently asked for Wesley's personal papers and ended up taking handwritten materials that included Wesley's defense strategies pertaining to a case Wesley had at the time in the Cuyahoga County Court of Common Pleas.[2] The materials were returned five days later.[3] When Wesley complained about what he thought to be an improper taking of his legal materials, Wesley contends that Corporal Lawler confiscated his sleeping mattress. Jail staff returned the mattress two days later, but not after Wesley had allegedly suffered pain in his back, neck, hips, and shoulders from sleeping on the jail's concrete slab.[4]

Wesley also alleges having to wait four months to get a response to a request to see his case worker or someone from the jail's mental health staff because he was feeling suicidal; having to deal with jail overcrowding by being housed in a one-person cell with another inmate; being forced to deal with the jail's filthy conditions and unsanitary food delivery; being locked down for inordinate periods during the day; and having his requests for mental health consultations be denied.[5]

With his complaint, Wesley filed a motion to proceed in forma pauperis.[6] The District Court denied this motion, and ordered Wesley to pay the $400 filing fee,[7] which

---

[1] ECF #1, at 3.
[2] *Id.* at 4.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 5-6. *See also* ECF #1-1.
[6] ECF #2.
[7] ECF #3.

he did two weeks later.[8]

About three weeks after that on October 21, 2019, the District Court *sua sponte* dismissed all the defendants except Corporal Lawler from the lawsuit.[9] "Here, Plaintiff states he filed a grievance against Lawler for taking his notes, Lawler took his mattress forcing him to sleep on the concrete slab for two days. At the pleading stage, those allegations are sufficient to state a plausible claim for retaliation."[10] Because at this point in the proceedings no service of process had yet been even attempted on any of the defendants, the District Court ordered that "[t]he Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendant."[11]

Seven days later, the Clerk's Office issued an original summons and mailed it to Wesley,[12] who then had it served by certified mail on Corporal Lawler on November 7, 2019.[13] Although the summons is addressed to "Corporal Edward Lawler, Cuyahoga County Correction Center, 1200 Ontario Street, Cleveland, Ohio 44113," an individual at the Justice Center by the name of Brian Hennessey apparently signed for it.[14] For reasons not clear from the record before me, the Proof of Service was not filed until February 26, 2020.[15]

---

[8] Non-document docket entry, 10/2/19.
[9] ECF #4.
[10] *Id.* at 7.
[11] *Id.* at 8.
[12] ECF #6.
[13] ECF #9, at 1.
[14] *Id.* at 1, 3.
[15] *Id.* at 1.

About two months before this filing, Wesley filed a motion to defer the order dismissing all but one of the defendants.[16] His motion was in effect a motion for reconsideration of the Memorandum of Opinion of October 21, 2019. The District Court denied that motion.[17]

*Corporal Lawler's Motion to Dismiss*

Corporal Lawler now seeks to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) because of Wesley's failure to perfect service of process in a timely manner pursuant to Fed. R. Civ. P. 4.[18] His argument is two-fold.

First, Corporal Lawler agrees that the method of service Wesley chose—certified mail—is acceptable, but contends that the mailing "must go through the clerk of court to comply with Ohio Civ.R. 4.1(A)(1)(a)."[19] The docket does not indicate service in that way. Second, Corporal Lawler contends that Wesley failed to serve him "within ninety days after the Court deemed Plaintiff's Complaint filed."[20] He cites Fed. R. Civ. P. 4(m), which provides:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule

---

[16] ECF #7.
[17] ECF #8.
[18] ECF #12.
[19] *Id.* at 3.
[20] *Id.* at 4.

4

71.1(d)(3)(A).

In his pro se opposition brief,[21] Wesley reports of another attempt to serve the complaint on Corporal Lawler in addition to the one described above. He explains that on April 20, 2020, he had "provided the clerk of the United States District Court for The Northern District of Ohio Eastern Division with a summons and copy of complaint directed to the defendant, Corporal Edward Lawler, in accordance with *Rule 4(B) of the Ohio Rules of Civil Procedure*, with instructions to be forwarded to the defendant, Corporal Edward Lawler's job address with [sic] is, the Cuyahoga County Correction Center, 1200 Ontario Street, Cleveland, Ohio 44101 via United States certified mail in accordance with *Rule 4.1(A)(1)(a) of the Ohio Rules of Civil Procedure*."[22] Wesley thought he had six months from October 21, 2019—the date of the District Court's Memorandum of Opinion—to perfect service via the Clerk's Office. He was, however, erroneously following the Ohio Rules of Civil Procedure rather than the Federal Rules of Civil Procedure in making this calculation.[23] As I note above, the docket does not indicate any service or attempted service occurring via the Clerk's Office.

Corporal Lawler does not challenge the veracity of Wesley's account of his second attempt to perfect service by providing the Clerk's Office with a summons and a copy of the complaint directed to Corporal Lawler. Instead, Corporal Lawler supports his motion to dismiss by pointing out that Wesley erroneously followed Ohio's rules rather than the

---

[21] ECF #13.
[22] ECF #13-1, at 1 (emphasis in original).
[23] *Id.*

5

federal ones.²⁴ Regardless of any attempts to perfect service, Corporal Lawler argues that Wesley's complaint against him still should be dismissed because he "failed to show good cause for why he has not perfected service on Defendant in the ninety days as required under Fed.R.Civ.P. 4."²⁵

On the same day the District Court dismissed all the defendants except Corporal Lawler, it referred this case to me for pretrial supervision.²⁶ The referral order included authorization to prepare a report and recommendation on case-dispositive motions. This report and recommendation address Corporal Lawler's pending dispositive motion.

## II.

The language quoted above from Fed. R. Civ. P. 4(m) governs the proper service of complaints in civil cases in this Court. This rule allows a court discretion to determine whether to dismiss a case automatically or give the plaintiff a chance to perfect service by a certain deadline.²⁷ The Sixth Circuit preference is to give the plaintiff notice and an opportunity to perfect service.²⁸ Dismissal must be without prejudice.²⁹

When service is not timely perfected pursuant to Rule 4(m), courts in our Circuit consider both notice and cause prior to *sua sponte* dismissal. A judge must ask two

---

²⁴ ECF #14, at 1.
²⁵ *Id.*
²⁶ ECF #5.
²⁷ *See, e.g., Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, at *2 (6th Cir. Feb. 21, 2019) (explaining Fed. R. Civ. P. 4(m) application).
²⁸ *Reynosa v. Schultz*, 282 F. App'x 386, 393 (6th Cir. 2008).
²⁹ *Taylor*, 2019 WL 1313828, at *2 (vacating in part the district court's decision because the court improperly dismissed with prejudice).

questions. Was the plaintiff given notice that the lack of service may lead to dismissal?[30] If given proper warning, did the plaintiff fail to show cause as to why the case should not be dismissed for lack of service?[31] A period of two to three weeks is sufficient notice to show cause before the case can be dismissed.[32] When answers to both questions are in the affirmative, dismissal is appropriate.

Wesley may have actually perfected service on Corporal Lawler within this 90-day window. No one contests that Wesley at least attempted service on Corporal Lawler by serving him via the Cuyahoga County Justice Center at the address on the summons the Clerk's Office had provided Wesley. According to the proof of service, the summons in the form of certified mail was received on November 7, 2019.[33] The record also tells us that an individual by the name of Brian Hennessey signed for the certified mail.[34]

The record before me, however, does not verify that Brian Hennessey had authority to receive the certified mail on Corporal Lawler's behalf. Corporal Lawler does not state one way or the other whether that agency authority existed. Instead, he argues that Wesley was required to serve process via the Clerk's Office.[35] But Wesley shouldn't be faulted

---

[30] *See, e.g., Reynosa*, 282 F. App'x at 393 (finding the district court abused its discretion by dismissing a *pro se* plaintiff's complaint for lack of service without giving plaintiff proper notice).
[31] *See, e.g., Taylor*, 2019 WL 1313828, at *2 (holding that "the district court did not abuse its discretion by dismissing the claims against the unserved defendants because [plaintiff] did not make a showing of good cause").
[32] *See, e.g.*, *Harness v. Taft*, 801 F. App'x 374 (6th Cir. 2020) (affirming district court's dismissal, including order to show cause within three weeks).
[33] ECF #9, at 1, 3.
[34] *Id.* at 3.
[35] ECF #12, 3-4.

7

for not using that method when in fact the Clerk's Office sent him the original summons presumably to serve process on Corporal Lawler directly by himself. The docket entry reads: "Original Summons issued and mailed to plaintiff for service upon Edward Lawler."[36]

Moreover, Corporal Lawler does not contest Wesley's explanation that he attempted service a second time on April 20, 2020 by providing the Clerk of Court with a summons and copy of the complaint directed to Corporal Lawler. Corporal Lawler only contests Wesley's reference to the Ohio Rules of Civil Procedure, and then argues that this attempt at service was outside the 90-day window provided by Fed. R. Civ. P. 4(m).[37]

To sum up, Wesley first used certified mail and the summons the Clerk's Office had provided him to serve Corporal Lawler in a timely manner. Corporal Lawler challenges this method because he believes service of process must be completed through the Clerk's Office, even though that does not appear to be the method the Clerk's Office told Wesley to use. We also have the problem of no one confirming or contesting that Brian Hennessey had agency authority to accept service on behalf of Corporal Lawler.

Wesley then used the method Corporal Lawler argues he must use, namely, mail from the Clerk's Office to the defendant. Corporal Lawler still argues insufficient service, however, because Wesley's efforts were outside the 90-day window. We also have the problem of having no record of Wesley's efforts in this regard other than the description in his brief. I note that April 20, 2020—the date on which Wesley apparently mailed the

---

[36] ECF #6.
[37] ECF #14, at 1.

8

summons and a copy of the complaint to the Clerk's Office for service on Corporal Lawler—was only a month or so after the President had declared a national pandemic emergency, which in turn led to the closure of the Carl B. Stokes United States Court House in Cleveland for a period of time.[38]

*The District Court's Previous Instruction*

Because of the manner in which the parties have briefed the motion to dismiss and omissions in the record, I cannot determine with any certainty whether Wesley has perfected service on Corporal Lawler. There is arguably good faith on Wesley's part in his efforts to serve Corporal Lawler. A showing of good faith would allow him to be excused from the 90-day window. After all, Corporal Lawler is not contesting that Wesley tried at least two times to perfect service, even though those attempts were through methods Corporal Lawler believes to be contrary to court rules. Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Were I to recommend this finding, however, Wesley would still be left to his own devices to perfect service.

A more just, indeed a more efficient resolution to this conundrum rests on a point both parties failed to note or address in their briefing on Corporal Lawler's motion to dismiss. The final sentence in the District Court's October 21, 2019 Memorandum of Opinion reads: "The Clerk's Office is directed to forward the appropriate documents to the

---

[38] *See generally* https://www.ohnd.uscourts.gov/ and https://www.ohnd.uscourts.gov/sites/ohnd/files/GO-2020-08-6%20In%20Re%20Coronavirus%20%28COVID-19%29%20Phased-In%20Recovery%20Plan.pdf, last accessed on 3/13/21.

9

U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendant."[39]

There is no indication on the docket or otherwise in the record that this instruction was ever carried out. Because the District Court never modified this instruction in subsequent orders, it still remains to be completed. Had the District Court's instruction been followed, the parties would not have found themselves in this predicament. Once the instruction is followed, service on Corporal Lawler will presumably be completed, and this litigation can move forward.

### III.

Accordingly, for the foregoing reasons, I recommend that the motion of Corporal Lawler to dismiss for insufficient service of process[40] be denied without prejudice to it being refiled at a later date to the extent subsequent facts warrant such refiling. I further recommend that the District Court's initial instruction to the Clerk's Office be reiterated, namely, that the Clerk's Office be directed to forward the appropriate documents—a summons and the complaint—to the U.S. Marshal for service of process on defendant Corporal Lawler, and shall include a copy of the District Court's Memorandum of Opinion of October 21, 2019[41] in the documents to be served defendant Corporal Lawler.

Dated: March 18, 2021               s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

[39] ECF #4, at 8.
[40] ECF #12.
[41] ECF #4.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice. Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.*

---

* *See* LR 72.3(b); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).