**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NELSON ROY WESLEY, | ) | CASE NO. 1:19-CV-01232-DCN |
| Plaintiff, | ) ) | MAGISTRATE JUDGE |
| v. | ) ) | JENNIFER DOWDELL ARMSTRONG |
| CORPORAL EDWARD LAWLER, | ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) ) | |

**I. INTRODUCTION**

Now pending is Plaintiff Nelson Roy Wesley's ("Wesley") "Motion for Plaintiff to be Transferred from the Cuyahoga County Correction[s] Center to Another County Jail" ("Motion to Transfer"), which Wesley filed on September 8, 2022. (ECF Doc. No. 43). Wesley's Motion to Transfer is based upon his claims that he is not receiving adequate medical care/accommodations at the Cuyahoga County Corrections Center ("CCCC"), and that he is being denied access to the law library computer. (*Id.* at PageID # 274-79). Defendant Corporal Edward Lawler ("Lawler") has opposed Wesley's Motion. (ECF Doc. No. 45). This matter is before me pursuant to United States District Court Judge Donald C. Nugent's order of referral for pretrial supervision, including ruling on all non-dispositive motions. (ECF Doc. No. 5; ECF non-document entry dated 09/06/2022).

**II. RELEVANT BACKGROUND**

Wesley, a pretrial detainee at the CCCC, filed a complaint in this Court alleging civil rights violations related to his detention at the CCCC. (ECF Doc. No. 1). Wesley is currently awaiting trial in the Cuyahoga County Court of Common Pleas Case No. CR-19-639908-A. According to

the public docket for that case, the Court of Common Pleas granted Wesley's oral motion for access to the CCCC's law library computer on October 21, 2019. (*See* ECF Doc. No. 43, PageID # 274). On September 12, 2022, Wesley filed a "Notice" with the Court of Common Pleas, asserting that he is being denied access to that computer. (*See* Case No. CR-19-639908-A). As of the filing of this Order, the Common Pleas Court docket does not reflect that the court has ruled on or otherwise addressed Wesley's September 12, 2022, filing.

On September 8, 2022 (*i.e.*, four days before Wesley filed his September 12, 2022, motion in the Common Pleas Court), Wesley filed the pending Motion to Transfer in this Court. (ECF Doc. No. 43). In it, Wesley alleges that employees at the CCCC are denying him access to the law library, as well as adequate medical care/accommodations, in retaliation for him filing the instant civil rights action. (*Id.* at PageID # 274-79). Wesley, therefore, requests that the Court transfer him to another county jail. (*Id.* at PageID # 279).

In response, Lawler asserts that Wesley has regularly scheduled access to the law library computer, and that the law library logbooks contradict Wesley's claims because they demonstrate that Wesley has accessed the law library numerous times (including 21 times between August 6, 2022, and September 19, 2022). (ECF Doc. No. 45, PageID # 286-87). Lawler attached copies of the logbooks in support of his argument. Lawler also asserts that, if Wesley has a legitimate issue with access to the law library, he must first seek redress through the CCCC's grievance procedure. (*Id.* at PageID # 287, citing 42 U.S.C. § 1997e(a)). Or, Lawler asserts, Wesley could ask the Common Pleas Court to review whether Wesley is being denied access to the law library computer in contravention of its October 21, 2019, order. (*Id.* at PageID # 287).

Regarding Wesley's claim that he is receiving inadequate medical care/accommodations, Lawler asserts that there is no evidence substantiating Wesley's claim, and that there is no indication that Wesley has exhausted his administrative remedies by filing a medical grievance.

2

(*Id.* at PageID # 288, citing https://cuyahogacounty.us/accessibility/grievance-procedure).

### III. LAW & ANALYSIS

Upon review, there is no indication that Wesley has followed the proper procedures and/or exhausted his administrative remedies regarding the claims he now brings in support of his Motion to Transfer. *See* Ohio Administrative Code § 5120-9-21 (governing "[i]nterinstitutional transfer of inmates" from "one prison to another . . . "); 42 U.S.C. § 1997e(a) (providing that prisoners must first exhaust available administrative remedies before bringing a § 1983 action with respect to prison conditions); *Dugas v. Wittrup*, No. CV 2:15-CV-67, 2016 WL 109803, at *2 (S.D. Ohio Jan. 11, 2016), *report and recommendation adopted*, No. CV 2:15-CV-67, 2016 WL 413267 (S.D. Ohio Feb. 2, 2016) (explaining inmate-initiated transfer requests). Additionally, as of the filing of this Order, the Common Pleas Court docket does not reflect that the court has ruled on or otherwise addressed Wesley's September 12, 2022, filing regarding Wesley's access to the law library computer.

### IV. CONCLUSION

Based on the foregoing, Wesley's Motion to Transfer is DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2022

s/ Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge